IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD G. EHRLICH, | § | |
| Plaintiff, | § | SA12CA0626-FB |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| Defendant. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes RICHARD G. EHRLICH, hereinafter referred to as the Plaintiff, complaining of UNITED PARCEL SERVICE, INC., hereinafter referred to as the Defendant, and as and for his cause of action against the Defendant, Plaintiff would respectfully show the Court as follows:

### JURISDICTION

(1) This is a civil action brought pursuant to Title I of the Americans With Disabilities Act of 1990, as amended by the Americans With Disabilities Amendments Act of 2008, 42 U.S.C. § 12101, et seq., wherein the Plaintiff RICHARD G. EHRLICH alleges that his former employer, the Defendant, UNITED PARCEL SERVICE, INC., discriminated against him on the basis of disability, in violation of 42 U.S.C. § 12112. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331 and 1343.

### VENUE

(2) Venue of this civil action is proper in the Western District of Texas, San Antonio Division.

### PARTIES

(3) The Plaintiff, RICHARD G. EHRLICH, is a citizen of the United States who resides

in San Antonio, Bexar County, Texas. At all times material and relevant hereto, the Plaintiff was an "employee" of the Defendant, as that term is defined at 42 U.S.C. § 12111(4), and was a "qualified individual" with a "disability," as those terms are defined at 42 U.S.C. § 12111(8) and 42 U.S.C. § 12102(1). Plaintiff alleges that Defendant failed and refused to grant him a "reasonable accommodation" of his disability, as that term is defined at 42 U.S.C. § 12111 (9).

(4)     The Defendant, UNITED PARCEL SERVICE, INC. is a corporation incorporated under the laws of the State of Ohio, is authorized to do business in the State of Texas, and, in fact, does business in the State of Texas. The Plaintiff was employed by Defendant at one of its package centers located in Pleasanton, Texas. At all times material and relevant hereto, the Defendant, UNITED PARCEL SERVICE, INC., was the Plaintiff's "employer," as that term is defined at 42 U.S.C. § 12111(5).

For purposes of applying the provisions of 42 U.S.C. § 1981a(b), Plaintiff alleges that Defendant has, and had at all times material and relevant hereto, more than 500 employees in each of 20 or more calendar weeks during the current or preceding calendar year.

The Defendant may be served with summons herein by delivering the same to its registered agent for service of process, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTS

(5)     The Plaintiff, RICHARD G. EHRLICH, was hired by the Defendant UNITED PARCEL SERVICE, INC. on or about May 5, 1981 as a Full-Time Package Car Driver. He remained employed in that capacity until on or about December 10, 2009.

(6)     On or about December 10, 2009, Plaintiff injured his back while engaged in the

course and scope of his employment with Defendant. In accordance with Article 14.2 of the Collective Bargaining Agreement (the CBA) between Defendant and Plaintiff's union representative, the International Brotherhood of Teamsters, Plaintiff was offered and accepted a Temporary Alternative Work Assignment (TWA). He worked as a Clerk at various locations from December 15, 2009 to on or about February 5, 2010. On or about February 5, 2010, his TWA assignment was terminated by Defendant, and Plaintiff has not worked since that date.

(7)     On or about November 18, 2010, Marshall Watson, Defendant's District HR Operations Manager, wrote to Plaintiff, acknowledging that Plaintiff had reached maximum medical improvement (MMI) for purposes of receiving workers' compensation benefits, and that he had permanent restrictions that did not allow him to perform the essential functions of his job. Mr. Watson also stated in his letter than, if Plaintiff believed himself to be permanently disabled and wished to be considered for a reasonable accommodation, he should contact Mr. Watson.

(8)     Plaintiff responded to Mr. Watson's letter by providing, on or about December 29, 2010, information regarding his disability on a form provided by the Defendant entitled "Request for Medical Information," and by stating, on or about January 30, 2011, on another form provided by Defendants entitled "Accommodation Checklist," his desired accommodations.

(9)     Beginning in February of 2011, and continuing until on or about October 25, 2011, Defendant and Plaintiff met on several occasions to discuss Plaintiff's disability and how Defendant might be able and willing to accommodate his disability. However, Plaintiff believed at the time, and now alleges, that Defendant was never seriously interested in accommodating his disability and that Defendant did not engage in the interactive process in good faith.

(10)    Frustrated by Defendant's lack of good faith engagement in the interactive process,

and its refusal to offer him an accommodation, Plaintiff began filing grievances through his Union, Teamsters Local 657. He also filed, on or about August 30, 2011, a charge of discrimination with the San Antonio Field Office of the U.S. Equal Employment Opportunity Commission in San Antonio, Texas, alleging that his employer, the Defendant, was discriminating against him because of his age, in violation of the Age Discrimination in Employment Act of 1967 (the ADEA), and because of his disability, in violation of the Americans With Disabilities Act. Plaintiff no longer alleges that he was discriminated against because of his age, but he does allege that he was discriminated against because of his disability.

(11)   On November 21, 2011, Plaintiff was advised by the Union that the Southern Region Area Parcel Grievance Committee had rendered its decision in regard to the several grievances Plaintiff had filed. The decision in each case was, "[T]he company is instructed to comply with Article 14. If the grievant wishes to continue with the ADA accommodation request, he will notify the Company by December 5, 2011."

(12)   Because the Grievance Committee did not order the Defendant to offer him an accommodation, and because the Plaintiff did not trust Defendant to engage, in good faith, in the interactive process, Plaintiff declined the offer to continue discussing possible accommodations and retired. He alleges that he was forced to retire, and was constructively discharged.

(13)   On March 26, 2012, the EEOC issued a Dismissal and Notice of Rights (notice of right to sue) to Plaintiff, and this civil action is being timely filed.

(14)   All jurisdictional prerequisites and conditions precedent have occurred or have been satisfied.

## CAUSES OF ACTION

(15) The Plaintiff RICHARD G. EHRLICH now sues the Defendant, UNITED PARCEL SERVICE, INC., and alleges that the Defendant violated Title I of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112, by refusing to engage in good faith in the interactive process, by refusing to offer him an accommodation, and by constructively discharging him on or about December 5, 2011. As relief from said violation, Plaintiff seeks to recover all remedies available to him under 42 U.S.C. § 12117(a), including but not limited to (a) reinstatement, (b) front pay in lieu of reinstatement, (c) back pay, (d) interest on back pay, (e) attorney's fees and (f) court costs, and, pursuant to 42 U.S.C. § 1981a, he also seeks to recover (g) compensatory and punitive damages in the maximum amount permitted by law.

## JURY DEMAND

(16) Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial of this civil action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, RICHARD G. EHRLICH, respectfully prays that summons be duly issued and served upon the Defendant, UNITED PARCEL SERVICE, INC., and that, upon final hearing hereof, he shall have and recover judgment of and from said Defendant for the relief requested hereinabove, and for such other and further relief to which she may show himself justly entitled.

Respectfully submitted,

*[signature]*

GLEN D. MANGUM
State Bar No. 12903700

924 Camaron
San Antonio, Texas 78212-5111
Telephone No. (210) 227-3666
Telecopier No. (210) 320-3445

**ATTORNEY FOR PLAINTIFF
RICHARD G. EHRLICH**