IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD G. EHRLICH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 12-CV-00626-FB |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

For its Original Answer and Defenses to Plaintiff's Original Complaint, Defendant United Parcel Service, Inc. (Ohio) respectfully shows the following:

### A. ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

The allegations in Plaintiff's Original Complaint are hereinafter answered by the numbered paragraphs below:

### JURISDICTION

1.      Defendant admits Plaintiff has filed an action pursuant to Title I of the Americans With Disabilities Act of 1990, as amended by the Americans With Disabilities Amendments Act of 2008, 42 U.S.C. § 12101, et seq. ("ADA"), but denies Plaintiff has suffered any damages or is entitled to any relief.   Defendant admits the Court has original jurisdictional pursuant to 28 U.S.C. §1331 and §1343 as alleged in Paragraph 1 of Plaintiff's Original Complaint.

## VENUE

2.      Defendant admits venue is proper in the Western District of Texas, San Antonio Division as alleged in Paragraph 2 of Plaintiff's Original Complaint.

## PARTIES

3.      Upon information and belief, Plaintiff is a citizen of the United States who resides in San Antonio, Bexar County as alleged in Paragraph 3 of Plaintiff's Complaint.  Defendant admits Plaintiff was employed by Defendant, United Parcel Service, Inc. (Ohio).  Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Original Complaint.

4.      Defendant admits it is a corporation incorporated in Ohio, is authorized to conduct business in Texas, and conducts business in Texas as alleged in paragraph 4 of Plaintiff's Original Complaint.  Defendant admits Plaintiff was employed by Defendant in Pleasanton, Texas as alleged in Paragraph 4 of Plaintiff's Original Complaint.  Defendant admits it had more than 500 employees in each of 20 or more calendar years during the current or proceeding calendar year.  Defendant also admits its registered agent was served with Plaintiff's Original Complaint on June 28, 2012.  Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Original Complaint.

## FACTS

5.      Defendant admits Plaintiff was hired as a Full-Time Package Car Driver on May 5, 1981 as alleged in Paragraph 5 of Plaintiff's Original Complaint.  Defendant admits he worked as a Package Car Driver until December 10, 2009, as alleged in Paragraph 5 of Plaintiff's Original Complaint.

6.      Defendant admits Plaintiff claimed to have hurt his back while working on or about December 10, 2019.  Defendant admits he was offered and accepted a Temporary

Alternative Work Assignment (TAW) pursuant to Article 14, Section 2 of the Collective Bargaining Agreement (CBA) between Defendant and the International Brotherhood of Teamsters.   Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Original Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Original Complaint.

10.      Defendant admits Plaintiff filed an EEOC charge on August 30, 2011 alleging age discrimination pursuant to the Age Discrimination in Employment Act of 1967 (ADEA) and disability discrimination pursuant to the ADA, as alleged in paragraph 10 of Plaintiff's Original Complaint.  Defendant admits Plaintiff is no longer claiming age discrimination, but is alleging disability discrimination.  Defendant, however, denies it discriminated against Plaintiff in any way.  Defendant admits Plaintiff filed grievances with Teamsters Local 657 as alleged in paragraph 10 of Plaintiff's Original Complaint.  Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

11.      Defendant is without sufficient knowledge or information to admit or deny when Plaintiff was advised of the Southern Region Area Parcel Grievance Committee's ("Panel") decision as alleged contained in Paragraph 11 of Plaintiff's Original Complaint.  Defendant admits the Panel decision stated: "Based on the facts presented, the Company is instructed to comply with Article 14.  If the grievant wishes to continue with the ADA accommodation

request, he will notify the Company by December 5, 2011." Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Original Complaint.

13.     Defendant admits the EEOC issued a dismissal and notice of rights, including notice of Plaintiff's right to sue, on March 26, 2012, as alleged in paragraph 13 of Plaintiff's Original Complaint.  Defendant is without sufficient knowledge or information as to whether Plaintiff received his notice of right to sue and therefore cannot admit or deny whether this action is timely filed as alleged in paragraph 13 of Plaintiff's Original Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

## CAUSES OF ACTION

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.  Defendant denies Plaintiff suffered or is entitled to any of the damages described in Paragraph 15 of Plaintiff's Original Complaint.

## JURY DEMAND

16.     Defendant admits Plaintiff requests a jury trial in this cause of action, however, Defendant denies Plaintiff is entitled to any relief.

## PRAYER

17.     Defendant admits it was served with Plaintiff's Original Complaint, but denies Plaintiff suffered or is entitled to any of the damages described in the concluding paragraph of Plaintiff's Original Complaint.

### B.  DEFENSES

1.     <u>Contractual/Administrative Prerequisites</u> – Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust any contractual or administrative prerequisites timely.

2.     <u>Scope of Charge</u> – Plaintiff's claims are limited to only those claims alleged in his predicate charge of discrimination filed with the EEOC/Texas Workforce Commission-Civil Rights Division.

3.     <u>Fails to State a Claim</u> – Plaintiff fails to state a claim, in whole or in part, in his Original Complaint upon which relief can be granted.

4.     <u>Limitations</u> – To the extent Plaintiff is attempting to seek relief under the ADA for any alleged discriminatory or retaliatory conduct occurring more than three hundred (300) days prior to the filing of his underlying charge of discrimination, such claims and the relief for such claims are barred.  Additionally, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

5.     <u>Good Faith Reliance</u> – To the extent Plaintiff's claims rest upon any actions of Defendant taken in good faith reliance on the constructions, interpretations, and applications of the ADA by the appropriate administrative agencies, regulatory agencies, and/or courts empowered and/or authorized by Congress to make such constructions, interpretations, and applications, such claims are barred in whole or in part.

6.     <u>Limited to Statutory Remedies</u> – The ADA contains statutory schemes for which Congress has specified the remedial relief, if any, available to a prevailing plaintiff.  To the extent Plaintiff seeks remedies beyond the scope of these statutory schemes, such claims and remedies are improper and should be dismissed.

7.     <u>Comparative Negligence/No Proximate Cause</u> – Plaintiff's damages and losses, if

any, were the result of Plaintiff's own conduct and/or omissions, and were not proximately caused by Defendant's actions and/or omissions.

8.       <u>Legitimate, Non-Discriminatory Reasons</u> – Any actions of Defendant relating to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory reasons.

9.       <u>Mitigation and Offset</u> – Some or all of Plaintiff's claims for damages are barred by Plaintiff's failure to take all reasonable steps to mitigate his alleged damages and/or should be offset by any and all interim earnings and benefits Plaintiff earned from alternative or post-termination employment.

10.      <u>Damage Limitations</u> – To the extent, if any, Plaintiff has suffered any damages or losses, such damages or losses are subject to any and all applicable limitations and constraints on damages.

11.      <u>No Willful Conduct</u> – Defendant did not willfully, intentionally, or recklessly disregard or deprive Plaintiff of any rights to which he may have been entitled.  On the contrary, any employment decisions made by Defendant regarding Plaintiff were job-related, consistent with business necessity, and not intentionally made or imposed to contravene the prohibitions of federal or state laws or regulations.

12.      <u>Notice of Right to Sue Limitation</u> – To the extent Plaintiff is attempting to seek relief for any alleged discriminatory or retaliatory conduct for which a Notice of Right To Sue was issued by the Equal Employment Opportunity Commission more than ninety (90) days prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred.

13.      <u>No Change in Employment Decision</u> – If a fact finder determines any unlawful reason as prescribed by the ADA was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies, Defendant would nonetheless have

made the same employment decision regardless of the alleged discriminatory or retaliatory animus.

14.     <u>Outside Scope of Employment</u> – If Plaintiff's rights were violated, if at all, which Defendant adamantly denies, any such conduct and/or violation was the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent. Defendant does not and did not authorize, condone, ratify, or tolerate any discrimination or retaliation.  Defendant instead prohibits such conduct.  Defendant therefore is not responsible for any such conduct through the principles of agency, vicarious liability, *respondeat superior*, or otherwise.

15.     <u>Damage Limitations</u> – Plaintiff's claims for damages and losses, if any, are subject to any and all applicable federal limitations on damages.

16.     <u>Attorneys' Fees</u> – Plaintiff fails to state a claim upon which attorneys' fees and costs can be awarded.

17.     <u>Policy Against Discrimination</u> – Defendant had and has in place a strong, officially-promulgated and user-friendly policy against discrimination to prevent and promptly correct any such behavior.  To the extent Plaintiff was the recipient of any discrimination, which Defendant adamantly denies, Plaintiff unreasonably failed to take advantage of the opportunities offered him by Defendant to prevent and correct the alleged harm or otherwise avoid the harm he allegedly suffered.

18.     <u>Equitable & Other Defenses</u> – Plaintiff's claims may be barred, in whole or in part, by the doctrines of election of remedies, waiver, estoppel, judicial estoppel, collateral estoppel, res judicata, *in pari delicto*, and unclean hands.

19.     <u>Due Process Violation</u> – Plaintiff's claim for punitive or exemplary damages

violates the Due Process Clauses of the United States Constitutions.

20. <u>Actions Without Malice or Reckless Disregard</u> – There is no basis in law or in fact to support Plaintiff's claims for exemplary and/or punitive damages. Defendant did not engage in unlawful intentional practices with malice or reckless disregard to Plaintiff's statutory or common law rights, if any. Defendant's actions were undertaken in good faith and for legitimate reasons.

21. <u>Punitive Damages</u> – Plaintiff's claims for punitive damages, if any, are barred as a matter of law. To the extent Plaintiff would be entitled to any punitive damages, they are limited by the applicable federal statutes and United States Constitution.

22. <u>After-Acquired Evidence Doctrine</u> – The relief sought by Plaintiff may be barred, in whole or in part, by the after-acquired evidence doctrine.

23. <u>Right to Amend or Supplement</u> – Defendant reserves the right to amend its pleadings to assert additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

## C. COSTS

Under the applicable law, the Federal Rules of Civil Procedure, and the inherent power of this Court, Defendant seeks to recover all costs, including attorney's fees, incurred in its defense of this lawsuit.

## D. PRAYER

Defendant requests that, upon final trial of this case, the Court Dismiss this lawsuit in its entirety and order Plaintiff to take nothing by reasons of this action; order Plaintiff to pay its

attorney's fees and costs incurred and will incur in defending this action; and grant all other relief to which it may be entitled.

Respectfully submitted,

Shannon B. Schmoyer
Texas Bar No. 17780250
Christine E. Reinhard
Texas Bar No. 24013389
Monica J. Lerma
Texas Bar No. 24027792
SCHMOYER REINHARD LLP
3619 Paesanos Parkway
Suite 202
San Antonio, Texas 78231
Phone:  (210) 447-8033
Fax:  (210) 447-8036

**ATTORNEYS FOR DEFENDANT
UNITED PARCEL SERVICE, INC. (OHIO)**

**CERTIFICATE OF SERVICE**

On July 19, 2012, a true and correct copy of this document was filed electronically. Notice of the filing was served by operation of the Court's electronic filing system (ECF) on the following counsel of record:

Glen D. Mangum
924 Camaron
San Antonio, Texas 78212-5111
(210) 227-3666
Facsimile – (210) 320-3445

Shannon B. Schmoyer